**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 15, 2009

Charles R. Fulbruge III
Clerk

No. 08-60141
Summary Calendar

XIAN SHUN SHEN

Petitioner

v.

ERIC H HOLDER, JR, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A94 798 045

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Xian Shun Shen, a native and citizen of the People's Republic of China, petitions this court for review of the Board of Immigration Appeals' (BIA) decision dismissing her appeal of the Immigration Judge's (IJ) denial of the motion to reopen her in absentia removal proceedings. Shen does not dispute that she was provided written notice of the August 30, 2006, hearing as required by 8 U.S.C. § 1229(a)(1) and (a)(2), nor does she dispute that she was removable

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

as charged in the Notice to Appear. Instead, Shen argues that she did not attend the hearing because she received erroneous advice from a law office's non-attorney employee[1] and she was unable to fully understand the immigration officer's instructions.

An order of removal entered in absentia may be rescinded upon a motion to reopen filed within 180 days of the removal order if the alien demonstrates that her failure to appear at the hearing was due to exceptional circumstances. 8 U.S.C. § 1229a(b)(5)(C)(i). The term "exceptional circumstances" is defined as "exceptional circumstances (such as battery or extreme cruelty to the alien or any child or parent of the alien, serious illness of the alien, or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances) beyond the control of the alien." § 1229a(e)(1).

The BIA determined that Shen failed to comply with the requirements set forth in *In re Lozada*, 19 I. & N. Dec. 637 (BIA 1988), *overruled in part by In re Compean*, 24 I. & N. Dec. 710 (BIA 2009), because she failed to identify the non-attorney employee in question, show that the "American-looking man" who gave the advice or any attorney affiliated with the law office actually agreed to represent her, and establish that an agreement was entered into with respect to actions to be taken on her behalf. The BIA concluded that the IJ correctly determined that Shen's decision to rely upon the alleged instructions to not attend the August 30, 2006, hearing was not an exceptional circumstance.

Although Shen filed an affidavit in support of her motion to reopen, she did not sufficiently detail the relevant facts. Aside from identifying the law office and stating that she went there to hire an attorney, Shen did not state whether she ever met with an attorney, whether anyone at the law office agreed to represent her, or whether it was the "Korean-speaking lady" or the

---

[1] Shen refers to the two people she met at the attorney's office as the "American-looking man" and the "Korean-speaking lady." Lacking any other identification for these individuals, we use Shen's descriptions.

"American-looking man" who told her that she should not attend the hearing. The affidavit did not include sufficient facts from which to evaluate whether it was reasonable for Shen to rely on the non-attorney employee's advice. *See Lozada*, 19 I. & N. Dec. at 639. Therefore, the BIA did not abuse its discretion when it rejected Shen's ineffective assistance of counsel claim based on her failure to comply with *Lozada's* procedural requirements. *See Lara v. Trominski*, 216 F.3d 487, 498-99 (5th Cir. 2000).

Further, although Shen asserts that she did not fully understand the immigration officer's instructions, she admittedly understood the officer's advice to hire an attorney and attempted to follow this advice when she went to the law office 11 days after being released from custody. Shen also admitted that prior to being advised not to attend the hearing, the non-attorney employee told her that the documents given to her by the Department of Homeland Security meant that she should go to court in Texas. Shen deliberately chose not to attend the hearing based on the non-attorney employee's erroneous advice. Therefore, the BIA did not abuse its discretion when it determined that Shen failed to demonstrate that her failure to appear at the hearing was due to exceptional circumstances beyond her control.

Accordingly, Shen's petition for review is DENIED.